■ ATLANTIS WORLDWIDE, LTD., Appellant, v GARY BENITEZ et al., Respondents. [736 NYS2d 591] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered October 17, 2001, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.

The motion court properly exercised its discretion in denying the motion for a preliminary injunction, since plaintiff failed to establish a likelihood of success on the merits, that it will suffer irreparable injury unless the injunction is granted and that the equities balance in its favor (see, W.T. Grant Co. v Srogi, 52 NY2d 496, 517). Plaintiff has not made the showing requisite to the relief sought, that the names of the clients serviced by defendant employee while employed by plaintiff are entitled to trade secret protection, where the identities of those clients are readily ascertainable, or that the employee's services were unique or extraordinary (see, Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 308). Moreover, the balance of equities is in defendants' favor and irreparable harm has not been shown where money damages would fully compensate plaintiff for any lost profit attributable to defendant employee's

complained of conduct. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.